W. EUGENE DAVIS, Circuit Judge,
concurring in part, dissenting in part:
I concur in the thorough majority opinion except for its treatment of one issue. I disagree with the majority’s conclusion that a rational jury could find that Apache agreed (or led plaintiffs to believe that it had agreed) to continue production of the Brothers well or notify plaintiffs of its intent to abandon the well. The majority’s conclusion is predicated solely on an exchange of correspondence between one of the plaintiffs and Apache.
The purpose of Roy Richard’s January 25, 1989 letter to Apache was to persuade Apache to discontinue operating the Brothers well. After detailing the well’s income and expenses, Mr. Richard stated: “our group *1032 feels it is simply not feasible from a financial standpoint to continue operating the Brothers well. We are formally requesting that operations, production, and the incurring of additional expenses on the Brothers well cease immediately.” Mr. Richard then requested a reply to the letter and an explanation of any reasons Apache might have for not terminating operations.
Less than a month later, Apache advised Mr. Richard that Apache “does not plan on discontinuing operations on the subject well at this time.” David Tirey, on behalf of Apache, gave two reasons for declining to terminate operations. First, he advised Mr. Richard that: “At the present time, termination of operations on the Brothers well would not allow us to keep the leasehold acreage. This would allow another operator to pick up the acreage, and drill another well which would drain reserves from our Christian unit.” Second, he observed that: “We recently have reduced our saltwater disposal costs on the lease, which should put the lease in a profitable position.” Mr. Tirey closed the letter by stating: “If you have other questions, please do not hesitate to call.” Plaintiffs made no further contact with Apache.
The majority apparently concludes that a factfinder could conclude from Apache’s letter that Apache agreed to maintain production on the Brothers well or notify plaintiffs if it decided to terminate production. I fail to see how this correspondence can raise such an inference.
Apache did not undertake to do anything. It declined Mr. Richard’s request to terminate production. If plaintiffs, after they received Apache’s February 20 response, wanted Apache to continue production to maintain the leases despite the losses they were suffering on the operation of the wells, the ball was in plaintiffs’s court; it was up to them to retract their earlier request that Apache terminate production. But plaintiffs did not respond to Apache’s February 20 letter. In the absence of a response, Apache was entitled to assume that Mr. Richard’s request for termination of production of the Brothers well was still outstanding.
A plain reading of the summary judgment evidence fails to disclose an assumption by Apache of an obligation to notify plaintiffs of their intent to terminate production. I would therefore affirm the district court’s summary judgment in favor of Apache on plaintiffs claim that Apache breached its obligation to perform in a good and workmanlike manner by failing to notify plaintiffs of its intent to terminate production at the Brothers well.